**FOR PUBLICATION**

```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

                                     )
UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )   Criminal No. 2007-31
            v.                       )
                                     )
BRIAN ALEXANDER,                     )
                                     )
            Defendant.               )
_____)
```

ATTORNEYS:

**Nelson L. Jones, AUSA**
St. Thomas, U.S.V.I.
   *For the Plaintiff,*

**Treston E. Moore, Esq.**
St. Thomas, U.S.V.I.
   *For the defendant.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant, Brian Alexander ("Alexander"), for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

### I. FACTUAL AND PROCEDURE BACKGROUND

Between May 15 and May 21, 2005, Alexander made arrangements with his brother, Ewan Leatham ("Leatham"), to purchase firearms in Jacksonville, Florida. On May 17, 2005, Alexander had his girlfriend send $2,000 via Western Union from St. Thomas, U.S. Virgin Islands to Leatham in Jacksonville. On that same day,

*United States v. Brian Alexander*
Criminal No. 2007-31
Memorandum Opinion
Page 2

Leatham and his friend, Shamal Francis ("Francis"), drove to Shooters of Jacksonville, Inc. ("Shooters"), a federally-licensed firearms dealer. Leatham gave Francis the $2,000 Alexander's girlfriend had wired and specified what firearms to purchase. Francis entered Shooters and paid for the requested firearms, indicating on an ATF FORM 4473 that he was the actual purchaser of the firearms.

The transaction raised suspicions among the Shooters staff, who contacted law enforcement agents. After the requisite three-day waiting period, Leatham and Francis returned to Shooters to retrieve the firearms they had paid for. Thereafter, law enforcement agents surveilled Leatham and Francis. After Leatham and Francis retrieved the firearms and placed them in their car, Leatham dropped Francis off at his home and left with the firearms in the car. Leatham and Francis were then arrested and pled guilty to making false statements in the acquisition of firearms in district court in Florida.

On June 7, 2007, Alexander was indicted on one count of aiding and abetting in making false statements in the acquisition of firearms, in violation of 18 U.S.C. § 922(a)(6).[1] At trial,

---

[1] 18 U.S.C. § 922(a)(6) provides:

(a) It shall be unlawful--
. . . .
(6) for any person in connection with the acquisition

*United States v. Brian Alexander*
Criminal No. 2007-31
Memorandum Opinion
Page 3

Alexander moved for a judgment of acquittal at the close of the government's evidence. That motion was denied. The jury found Alexander guilty under 18 U.S.C. § 922(a)(6).

Alexander now renews his motion for a judgment of acquittal. The tenor of Alexander's argument is that a rational jury could not have found him guilty of aiding and abetting because there was no evidence at trial that he actually knew of the underlying substantive offense.

## II. DISCUSSION

For a judgment of acquittal to be granted, the court must decide, as a matter of law, that the evidence presented at trial was insufficient to support the conviction. *United States v. Cohen*, 455 F. Supp. 843, 852 & n. 7 (E.D. Pa. 1978), *aff'd*, 594 F.2d 855 (3d Cir.), *cert. denied*, 441 U.S. 947 (1979). In making that determination, the trial court is required to view the evidence in the light most favorable to the prosecution and to

---

or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

*United States v. Brian Alexander*
Criminal No. 2007-31
Memorandum Opinion
Page 4

draw all reasonable inferences therefrom in the government's favor. *United States v. Ashfield*, 735 F.2d 101, 106 (3d Cir.), *cert. denied*, 469 U.S. 858 (1984).

"Strict deference [must] be accorded the jury's findings; the court does not 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *United States v. Charles*, 949 F. Supp. 365, 367, 35 V.I. 306 (D.V.I. 1996). The inquiry to be made is whether, in light of the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See id.* (citing *Ashfield*, 735 F.2d at 106) (noting that "[o]ur task is not to decide what we would conclude had we been the finders of fact; instead, we are limited to determining whether the conclusion chosen by the [fact-finders] was permissible"). A trial court has the duty to grant a judgment of acquittal "when the evidence is so scant that the jury could only speculate as to the defendant's guilt." *United States v. Bazar*, Crim. No. 2000-80, 2002 U.S. Dist. LEXIS 19719, *6 (D.V.I. Oct. 7, 2002).

### III. ANALYSIS

Liability for aiding and abetting requires proof that the underlying crime occurred and that the defendant knew of that crime and sought to accomplish it. *See United States v. Gordon*, 290 F.3d 539, 547 (3d Cir. 2002); *see also United States v.*

*United States v. Brian Alexander*
Criminal No. 2007-31
Memorandum Opinion
Page 5

*Salmon*, 944 F.2d 1106, 1113 (3d Cir. 1991). Mere knowledge of the crime is not enough. Rather, the government must show that the defendant had the specific intent to facilitate the crime. *Gordon*, 290 F.3d at 547.

The parties do not dispute that there was sufficient evidence that a false statement was made by Leatham and Francis. Alexander disputes whether there was sufficient evidence that he aided and abetted Leatham and Francis in making that false statement.

Alexander could be convicted under an aiding and abetting theory if the government proved that he knew Francis was falsifying the form and committed an affirmative act to further his offense. *See* 18 U.S.C. § 2(a).

Here, the evidence at trial showed that Alexander gave $2,000 to his girlfriend to send to Leatham in Florida. The evidence further showed that Leatham and Francis used that $2,000 to purchase firearms from a federally-licensed dealer. Finally, the evidence showed that Francis represented to the firearms dealer that he was the actual purchaser of the firearms, when in fact he knew that he was not the actual purchaser. Significantly, there was no evidence at trial from which a jury could infer that Alexander knew that false statements would be made in the purchase of firearms or that the firearms would be

*United States v. Brian Alexander*
Criminal No. 2007-31
Memorandum Opinion
Page 6

purchased from a federally-licensed firearms dealer. Under these facts, the Court finds that no reasonable jury could have convicted Alexander beyond a reasonable doubt for aiding and abetting a violation of 18 U.S.C. § 922(a)(6). *See*, *e.g.*, *United States v. Polk*, 118 F.3d 286, 296 (5th Cir. 1997) (finding the evidence insufficient to find the defendant guilty of aiding and abetting in the commission of 18 U.S.C. § 922(a)(6) where he did no more than ask someone else to purchase firearms).

Indeed, in most instances, the defendant's presence while the false statement is uttered is required in order to find culpability for aiding and abetting in the making of false statements to a federally-license firearms dealer. *See*, *e.g.*, *United States v. Bowen*, No. 06-2921, 2006 U.S. App. LEXIS 30765, at *6-7 (7th Cir. Dec. 12, 2006) (noting that the defendant "stood by while [the straw purchaser] falsely represented that the gun was for her. [The defendant] paid for the gun with his father's credit card, then took the gun after they left the store"); *United States v. Steele*, 82 Fed. Appx. 172, 177 (7th Cir. 2003) (reasoning that the defendant "knew that he could not purchase the weapons himself" and "was actually present in the store when [the straw purchaser] filled out the form representing herself as the actual purchaser").

In other instances, where the defendant is not present

*United States v. Brian Alexander*
Criminal No. 2007-31
Memorandum Opinion
Page 7

during the actual purchase of the firearms, courts have found culpability for aiding and abetting in the making of false statements to a federally-licensed firearms dealer where the evidence at trial showed that the defendant was at least aware that the purchaser would purchase the firearms from such a dealer or where the defendant had been to the premises of such a dealer with the purchaser prior to the actual purchase. *See*, *e.g.*, *United States v. Lynch*, 11 Fed. Appx. 535, 538 (6th Cir. 2001) (reasoning that the defendant "aided and abetted the charged offense because he was aware that [the straw purchaser's] answer on the firearm form claiming ownership of the weapon was false"); *United States v. Hudson*, No. 97-4282, 1997 U.S. App. LEXIS 34159, at *2 (4th Cir. Dec. 5, 1997) (noting that the defendant "instigated a series of events in which he offered [the straw purchaser] $50 to purchase a specific type of gun, repeatedly drove [the straw purchaser] to different gun stores, and then provided [the straw purchaser] with money to buy the gun while he waited in the car"); *United States v. Lopez-Robles*, No. 94-10111, 1994 U.S. App. LEXIS 37048, at *4-5 (9th Cir. Dec. 20, 1994) (reasoning that the defendant "discussed the sale of the guns and actually handled the guns in the [federally-licensed] store"); *United States v. Fuller*, 768 F.2d 343, 346 (1st Cir. 1985) (noting that the defendant accompanied the purchaser to the

*United States v. Brian Alexander*
Criminal No. 2007-31
Memorandum Opinion
Page 8

firearms dealer, discussed various guns with the salesperson there and selected the particular gun that the purchaser eventually bought, attempted to carry the gun out of the store, and was aware of the purchaser's previous conviction for mail fraud and could well have known that she made false statements when filling out the store forms).

In contrast to the cases cited above, the record in this matter is devoid of any evidence that Alexander knew or had any reason to know that Francis would make false statements while purchasing the firearms from a federally-licensed dealer. For all Alexander knew, Francis could have purchased the firearms from a friend, on the black market, or from any other source that is not a federally-licensed dealer. In sum, there is no evidence from which to infer that Alexander knew specifically of Leatham's and Francis' criminal intent, as required for an aiding and abetting conviction. *See*, *e.g.*, *United States v. Cartwright*, 359 F.3d 281, 287 (3d Cir. 2004) ("[E]ven in situations where the defendant knew that he was engaged in illicit activity, . . . the government is obliged to prove beyond a reasonable doubt that the defendant had knowledge of the *particular illegal objective* contemplated by the conspiracy. . . . We also have overturned aiding and abetting convictions for parallel reasons.") (citations omitted; emphasis supplied); *see also United States v.*

*United States v. Brian Alexander*
Criminal No. 2007-31
Memorandum Opinion
Page 9

*Salmon*, 944 F.2d 1106, 1113 (3d Cir. 1991) ("[A]cting with the intent to facilitate the substantive offense requires that one acted with the 'intent to help those involved with a *certain* crime'") (emphasis in original) (quoting *United States v. Wexler*, 838 F.2d 88, 92 (3d Cir. 1988)).

It appears that the government charged Alexander with the wrong offense. The record shows that Alexander was convicted in 1999 in Jacksonville, Florida of aggravated battery with a weapon and was sentenced to four years in prison and two years of community control. Alexander's conviction in Florida could have subjected him to criminal liability under 18 U.S.C. 922(g)(1), which provides:

> It shall be unlawful for any person--
>
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year
> . . . .
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Furthermore, as noted above, the only evidence at trial with respect to Alexander showed that Alexander gave money to his girlfriend for the purchase of firearms in Florida. Based on that evidence, the government could also have charged Alexander under 18 U.S.C. § 922(a)(3), which provides:

*United States v. Brian Alexander*
Criminal No. 2007-31
Memorandum Opinion
Page 10

>   (a) It shall be unlawful--
>   . . . .
>   (3) for any person other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector to transport into or receive in the State where he resides . . . any firearm purchased or otherwise obtained by such person outside that State . . . .

Indeed, at trial the Court suggested, and the government acknowledged, that Alexander could have been charged under another subsection of 18 U.S.C. § 922. The government chose, however, to charge Alexander under 18 U.S.C. § 922(a)(6). Significantly, there is insufficient evidence to find him guilty of that offense.

### IV. CONCLUSION

Construing the evidence in the light most favorable to the verdict, the Court finds that there was insufficient evidence for a rational jury to find Alexander guilty of aiding and abetting in the commission of the offense set forth at 18 U.S.C. § 922(a)(6). Accordingly, the Court will grant Alexander's motion and acquit Alexander of his conviction.

An appropriate judgment follows.

**Dated: March 20, 2008**          S\_____
                                   **CURTIS V. GÓMEZ**
                                   **Chief Judge**

*United States v. Brian Alexander*
Criminal No. 2007-31
Memorandum Opinion
Page 11

Copy:     Nelson L. Jones, AUSA
          Treston E. Moore, Esq.